Arthur Lewis GRAHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 47207.

Court of Criminal Appeals of Texas.

July 17, 1973.

Rehearing Denied Sept. 7, 1973.

James S. McGrath, Beaumont (on appeal only), for appellant.

Tom Hanna, Dist. Atty., Stephen M. Rienstra, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for robbery; the punishment, five years imprisonment.

Appellant waived a jury trial and entered a plea of guilty before the Court. The sufficiency of the evidence is not challenged.

The appellant first urges that: "The Court erred in accepting the plea of guilty without admonishing the defendant that he could file an application for probation."

There is no requirement that the trial court advise a defendant concerning the right to file a motion for probation. Buchanan v. State, 480 S.W.2d 207 (Tex. Cr.App.1972); Wilson v. State, 436 S.W. 2d 542 (Tex.Cr.App.1968) and Gonzales v. State, 456 S.W.2d 137 (Tex.Cr.App.1970). Further, the record shows that the Court mentioned to the appellant and his counsel: ". . . you apparently have not executed an application for probation . . ."

The second ground of error complains that the refusal of the trial court to hear the appellant's motion for new trial was an abuse of discretion.

**198**

The appellant, after waiving the time permitted by law for the filing of a motion for new trial, was sentenced on August 30, 1972. On September 6, 1972, a "Motion To Set Aside Trial And Motion For New Trial" was filed. On September 8, 1972, the appellant gave notice of appeal. On September 19, 1972, the Court entered an order refusing to hear the motion for new trial. The motion for new trial was filed after the appellant had been sentenced and it appears that notice of appeal was given before the trial court was requested to hear the motion for new trial which had been filed. There is nothing in the record to support the appellant's allegations that the trial court abused its discretion in not hearing the motion for new trial. No error is shown. See Roberts v. State, 493 S.W.2d 849 (Tex.Cr.App.1973).

The third ground of error alleges that: "The Court erred in not asking the defendant 'whether the defendant had anything to say why the sentence should not be pronounced against him' as required by Article 42.07, Code of Criminal Procedure."

The sentence reflects that "... and thereupon the defendant, Arthur Lewis Graham, was asked by the Court whether he had anything to say why said sentence should not be pronounced against him and he answered nothing in bar thereof ..." The appellant argues that, even though this recitation is made in the sentence, it is not supported in the transcription of the court reporter's notes. There was no objection in the trial court that the appellant had been denied the right of allocution. The record does show that the appellant waived the time for filing notice of appeal and was ready to accept the sentence. No error is shown. See Johnson v. State, 14 Tex.Cr.R. 306 and Valdez v. State, 479 S.W.2d 927 (Tex.Cr. App.1972).

The last ground of error complains that the Court did not properly admonish the appellant under the provisions of Article 26.13, Vernon's Ann.C.C.P.

There is in this record an instrument signed and filed by the trial judge at the time the plea of guilty was accepted which is exactly the same as that found and quoted in the cases of Porter v. State, 482 S. W.2d 282 (Tex.Cr.App.1972) and Dawson v. State, 491 S.W.2d 687 (Tex.Cr.App. 1973). The admonishment in those cases was held to be sufficient, and it is in this case.

The judgment is affirmed.

Opinion approved by the Court.