**Annie M. TENON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57569.**

Court of Criminal Appeals of Texas, Panel No. 2.

March 29, 1978.

Alvan N. Wells, Jr., Killeen, for appellant.

Arthur C. Eads, Dist. Atty., and James T. Russell, Asst. Dist. Atty., Belton, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of heroin, wherein the punishment was assessed by the court at four (4) years' imprisonment after the appellant waived trial by jury and entered a guilty plea before the court.

In her sole ground of error, appellant contends that the trial court erred in failing to follow the mandatory provisions of Article 42.07, V.A.C.C.P., in that the court failed to ask her whether she had anything to say before sentence was pronounced.

Article 42.07, V.A.C.C.P., provides:

"Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him. The only reasons which can be shown, on account of which sentence cannot be pronounced, are:

"1. That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged.

"2. That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the court shall proceed under Article 46.02 of this code;

"3. Where there has not been a motion for a new trial or a motion in arrest of judgment made, the defendant may answer that he has good grounds for either or both of these motions and either or both motions may be immediately entered and disposed of, although more than ten days may have elapsed since the rendition of the verdict; and

"4. When a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has been arrested he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury as to his identity."

The appellate record before this court, without an objection thereto by the appellant, contains a formal sentence reflecting in part:

". . . And thereupon the Defendant was asked by the Court whether _____he had anything to say why said sentence should not be pronounced against hIM, and the Defendant answered nothing in bar thereof, . . ."

Appellant acknowledges that the formal sentence contains such recital, but contends it is not supported by the transcription of the court reporter's notes. An examination of such transcription reflects that at the time of sentencing the trial court inquired if there were any motions on file and was told by defense counsel that there were none, but that notice of appeal would be given after sentencing. There were no objections to the court's failure to inquire of the appellant if she had anything to say why the sentence should not be pronounced against her. There was no contention then or now that any of the statutory reasons set out in Article 42.07, supra, to prevent the pronouncement of sentence ever existed.

In *Graham v. State*, 498 S.W.2d 197 (Tex. Cr.App.1973), it was held that where there was no objection in the trial court that defendant had been denied the right of allocution, no error was shown on claim that recitation in formal sentence that defendant was asked by the court whether he had anything to say why sentence should not be pronounced against him and he answered nothing in bar thereof was not supported in the transcription of the court reporter's notes.

Appellant acknowledges the holding in *Graham*, but urges that such holding was dependent upon the fact that Graham waived time to file notice of appeal and accepted sentence. She contends that this distinguishes *Graham* from her case since she did not waive filing notice of appeal.

It is true that in *Graham* the court's opinion noted the failure to object and then added, "The record does show that the appellant waived the time for filing notice of appeal and was ready to accept the sentence. No error is shown." This, however, appears to have been an error in the opinion. An examination of the record and opinion in *Graham* shows that Graham waived the time in which to file a motion for new trial and accepted sentence on August 30, 1972. He filed a motion for new trial on September 6, 1972 and on September 8, 1972 gave notice of appeal. Thus, the facts of the case do not support the state-

ment Graham waived filing notice of appeal and was ready to accept sentence. Obviously the opinion should have stated that Graham waived time in which to file motion for new trial and was ready to accept sentence. Further, in most cases notice of appeal is not to be given or filed until after sentencing. See Article 44.08(c), V.A.C.C.P. As clarified, we conclude that *Graham* is dispositive of appellant's contention. See also *Valdez v. State*, 479 S.W.2d 927 (Tex. Cr.App.1972); *Johnson v. State*, 14 Tex. App. 306 (1883).

Surely appellant would not have this court reverse this cause and order a new sentencing so that when the court asks her if she has anything to say why sentence should not be pronounced against her she can then answer "Nothing."

The judgment is affirmed.