Affirmed and Opinion filed September 18, 2003









Affirmed
and Opinion filed September 18, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00912-CR

NO. 14-02-00913-CR

____________

 

FREDDIE LEE HUDSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause Nos. 885,249 & 912,247

 



 

M
E M O R A N D U M   O P I N I O N

Appellant,
Freddie Lee Hudson, was charged by indictment with aggravated sexual assault
and sexual assault.  He pleaded guilty to
both charges and was sentenced to life and 20 years=
imprisonment, respectively.  On appeal,
appellant contends the trial court denied him his right to allocution.  We affirm.








Appellant
lived with his girlfriend, Dorsie Calloway, and her
granddaughter for several years.  From
the time Ms. Calloway=s granddaughter was nine or ten
years old until she was about fourteen, appellant molested her on a regular
basis.  Appellant threatened to hurt the
young girl if she told anyone what was happening.  She denied appellant molested her on several occasions
until she became pregnant with his baby. 
Appellant was then charged with aggravated sexual assault and sexual
assault to which he pleaded guilty.

In
two points of error, appellant contends the trial court violated his
constitutional and statutory right of allocution by failing to inquire what, if
anything, he had to say prior to the pronouncement of his sentences.  After appellant pleaded guilty to the two
offenses, a presentence investigation report (APSI@)
was prepared, and the trial court conducted a hearing on the PSI.  During the hearing, the following colloquy
occurred:

The Court:     Is there any reason I should not sentence you today?  Any legal reason?

Appellant:      Well, yes, ma=am.

The Court:     Any legal reason, Mr. Hale?

Mr. Hale [appellant=s counsel]:       No,
your Honor.

The Court:     Knowing of no legal reason, it is the order of this Court, Mr.
Hudson, that you have been adjudicated guilty of aggravated assault of a child
and sexual assault . . . .








There
are but three Alegal@ reasons why sentence should not be
pronounced against a defendant.[1]  It appears appellant=s
counsel was familiar with both the statute setting forth these reasons and his
client=s
reasons for contesting sentencing.  There
is nothing in the record before us to indicate that appellant had any legal
reason to contest the pronouncement of his sentence.  Appellant did not object, he filed no motion
for new trial to develop his reasons, and nothing in this record demonstrates
the existence of error.  See Tenon v. State, 563 S.W.2d 622, 623B24
(Tex. Crim. App. 1978) (holding that any error
stemming from trial court=s failure to inquire of defendant
whether she had anything to say why sentence should not be pronounced against
her was waived when she failed to object). 
Accordingly, appellant=s first and second issues are
overruled.

The
trial court=s judgments are affirmed.

 

 

 

 

/s/        J.
Harvey Hudson

Justice

 

 

 

 

Judgment rendered and Opinion filed
September 18, 2003.

Panel consists of Justices Yates,
Hudson, and Frost.

Do Not Publish C
Tex. R. App. P. 47.2(b).











[1]  Article 42.07
of the Texas Code of Criminal Procedure provides:

Before
pronouncing sentence, the defendant shall be asked whether he has anything to
say why the sentence should not be pronounced against him.  The only reasons which can be shown, on
account of which sentence cannot be pronounced, are:

1.  That the defendant has received a pardon from
the proper authority, on the presentation of which, legally authenticated, he
shall be discharged.

2.  That the defendant is incompetent to stand
trial; and if evidence be shown to support a finding of incompetency
to stand trial, no sentence shall be pronounced, and the court shall proceed
under Article 46.02 of this code; and

3.  When a person who has been convicted escapes
after conviction and before sentence and an individual supposed to be the same
has been arrested he may before sentence is pronounced, deny that he is the
person convicted, and an issue be accordingly tried before a jury, or before
the court if a jury is waived, as to his identity.

Tex. Code Crim.
Proc. Ann. art. 42.07 (Vernon Supp. 2003)