COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



WILLIE BERNARD WILLIAMS,
)
 No. 08-03-00022-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 291st District Court

)


THE STATE OF TEXAS,
)
 of Dallas County, Texas

)


 Appellee.
)
 (TC# F-0249280-KU)


MEMORANDUM OPINION



 Willie Bernard Williams appeals his conviction for possession of cocaine of between four
to two hundred grams. A jury found Appellant guilty and the trial judge assessed punishment at
imprisonment for a term of eight years and a $2,500 fine. We affirm.

FACTUAL SUMMARY


 After Appellant was found guilty by a jury, the trial judge held a separate punishment hearing
on October 30, 2002. After hearing argument by both sides, the judge inquired as to whether the
Appellant had anything to say:

 THE COURT: Mr. Williams, you have anything you want to say, you don't
have to and I am not asking you to, but if you wanted to, you
could say whatever you want to say. It is your call, I am not
pressing you either way.


 DEFENDANT: Your Honor, what I know I didn't do it.


 THE COURT: Well, that's not the question -- the only question I have before
me is what I ought to do by way of sentence, which can be
anywhere -- based on your plea of true, it is anywhere from a
minimum of five years in the penitentiary up to 99 years or
life. I understand your position is that you believe under the
law you wouldn't be guilty but that's not what the jury said. 
Was there anything else you want to say?


 DEFENDANT: No, that's it, Judge.


 THE COURT: All right. Fine. Thank you, Mr. Williams.


The formal sentencing document contains the following recital:


 THEREUPON THE SAID DEFENDANT WAS ASKED BY THE COURT
WHETHER HE HAD ANYTHING TO SAY WHY SAID SENTENCE SHOULD
NOT BE PRONOUNCED AGAINST HIM, AND HE ANSWERED NOTHING IN
BAR THEREOF, AND IT APPEARING TO THE COURT THAT THE
DEFENDANT IS MENTALLY COMPETENT AND UNDERSTANDING OF THE
PROCEEDINGS.


RIGHT TO ALLOCUTION


 In his sole point of error, Appellant argues that the trial court erred in failing to inquire if
there were any reason he could not be sentenced at that time. The Code of Criminal Procedure
provides:

 Before pronouncing sentence, the defendant shall be asked whether he has anything
to say why the sentence should not be pronounced against him. The only reasons
which can be shown, on account of which sentence cannot be pronounced, are:


 1. That the defendant has received a pardon from the proper authority, on the
presentation of which, legally authenticated, he shall be discharged.


 2. That the defendant is incompetent to stand trial; and if evidence be shown
to support a finding of incompetency to stand trial, no sentence shall be
pronounced, and the court shall proceed under Chapter 46B; and


 3. When a person who has been convicted escapes after conviction and
before sentence and an individual supposed to be the same has been arrested
he may before sentence is pronounced, deny that he is the person convicted,
and an issue be accordingly tried before a jury, or before the court if a jury is
waived, as to his identity.

Tex.Code Crim.Proc.Ann. art. 42.07 (Vernon Supp. 2004). Appellant contends that the statute's
language is mandatory and that he was prejudiced by the trial court's failure to follow the procedure. 
He also claims that although the clerk's record reflects that Appellant was asked if he had anything
to say, the reporter's record shows otherwise.

 The Court of Criminal Appeals has heard at least two cases with facts similar to the case at
bar. See Graham v. State, 498 S.W.2d 197, 198 (Tex.Crim.App. 1973); Tenon v. State, 563 S.W.2d
622, 623 (Tex.Crim.App. 1978). As in those cases, Appellant made no objection to the court's
failure to inquire if he had anything to say why the sentence should not be pronounced against him. 
See Graham, 498 S.W.2d at 198; Tenon, 563 S.W.2d at 623. In addition, Appellant made no
contention in his brief or at sentencing that any of the reasons denoted in Article 42.07 were
applicable to his case. See Tenon, 563 S.W.2d at 623.

 Moreover, while the record does not indicate that the judge specifically asked Appellant as
to whether "he ha[d] anything to say why the sentence should not be pronounced against him," the
judge did ask generally if he had anything to say. [Emphasis added.] Tex.Code Crim.Proc.Ann.
art. 42.07 (Vernon 2003). As stated by the Court in Tenon:

 Surely appellant would not have this court reverse this cause and order a new
sentencing so that when the court asks [him] if [he] has anything to say why sentence
should not be pronounced against [him he] can then answer 'Nothing.' 


Tenon, 563 S.W.2d at 623. Point of Error One is overruled. We affirm the judgment of the trial
court.


March 18, 2004 
 ANN CRAWFORD McCLURE, Justice

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)