**AFFIRM; Opinion Filed June 5, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01360-CR
No. 05-12-01361-CR
No. 05-12-01362-CR

## MARQUISHA ANTIONETTE FRAZIER, Appellant

### V.

## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5
Dallas County, Texas
Trial Court Cause Nos. F10-25636-L, F11-17550-L, F11-39844-L

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Moseley

Marquisha Antionette Frazier waived a jury and pleaded guilty to one burglary of a habitation offense and two aggravated robbery offenses. *See* TEX. PENAL CODE ANN. §§ 29.03(a), 30.02(a) (West 2011). The trial court assessed punishment at fifteen years' imprisonment in each case. In six issues, appellant contends her guilty pleas were involuntary and the trial court erred by failing to orally pronounce the sentences and to afford her the right of allocution in each case. We affirm the trial court's judgments. The background of the cases and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of

the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the cases is well settled.

In her first three issues, appellant contends her guilty pleas were involuntary because she pleaded guilty believing the trial court would grant her community supervision. Appellant asserts that because she had been diagnosed with adjustment disorder and several witnesses on her behalf asked the trial court to give her another chance, she believed the trial court would grant community supervision and an opportunity to get counseling. The State responds that appellant failed to preserve her complaints for appellate review and, alternatively, the record shows the trial court complied with the applicable requirements of article 26.13 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2012).

When considering the voluntariness of a guilty plea, we must examine the entire record. *See Martinez v. State,* 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). If the trial court properly admonished a defendant before a guilty plea was entered, there is a prima facie showing the plea was both knowing and voluntary. *See id.*

The record shows the trial court properly admonished appellant both orally and in writing. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a), (c); *Kirk v. State,* 949 S.W.2d 769, 771 (Tex. App.—Dallas 1997, pet. ref'd). Appellant said she had "gone over all the papers" that she had signed with her counsel. These papers include appellant's judicial confessions and stipulations of evidence as well as the plea agreements that contain written admonishments as to the punishment range. During appellant's testimony, she took responsibility for her actions and called several witnesses who advocated for community supervision on appellant's behalf. The record does not support appellant's complaint that she pleaded guilty only because she believed she would receive community supervision. Moreover, the fact that appellant received greater

punishment than she hoped for does not render her pleas involuntary. *See Tovar-Torres v. State*, 860 S.W.2d 176, 178 (Tex. App.—Dallas 1993, no pet.). We conclude appellant has not shown her guilty pleas were involuntary. We resolve appellant's first, second, and third issue against her.

In her fourth, fifth, and sixth issue, appellant contends the trial court erred in failing to orally pronounce the sentence and to afford her the right of allocution under code of criminal procedure article 42.07. *See* TEX. CODE CRIM. PROC. ANN. art. 42.07 (West 2009). Appellant asserts that because the trial court did not ask if there was any reason why the sentences should not be pronounced, and never actually pronounced the sentences, the trial court committed error. The State responds that appellant did not preserve this issue for appellate review and alternatively, none of the statutory reasons that would have prevented the trial court's imposition of the sentence apply to appellant.

After evidence and argument was presented, the trial court stated it would find appellant's guilty pleas were "freely and voluntarily made" and "pursuant to that plea, the Court's going to find you guilty and in each case assess a term of 15 years. . . ." The trial court did not ask if any reason under law existed as to whether or not appellant should be sentenced at that time.

Appellant failed to object, either at the end of the proceeding or in her motions for new trial, that she was denied her right to the pronouncement of sentence or her right to allocution. Therefore, she has failed to preserve error for our review. *See* TEX. R. APP. P. 33.1; *Tenon v. State,* 563 S.W.2d 622, 623–24 (Tex. Crim. App. [Panel Op. 1978). Accordingly, we resolve appellant's fourth, fifth, and sixth issue against her.

We affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121360F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARQUISHA ANTIONETTE
FRAZIER, Appellant

No. 05-12-01360-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 5 of Dallas County, Texas (Tr.Ct.No.
F10-25636-L).
Opinion delivered by Justice Moseley,
Justices Bridges and Lang-Miers
participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered June 5, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARQUISHA ANTIONETTE
FRAZIER, Appellant

No. 05-12-01361-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 5 of Dallas County, Texas (Tr.Ct.No.
F11-17550-L).
Opinion delivered by Justice Moseley,
Justices Bridges and Lang-Miers
participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered June 5, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARQUISHA ANTIONETTE
FRAZIER, Appellant

No. 05-12-01362-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 5 of Dallas County, Texas (Tr.Ct.No.
F11-39844-L).

Opinion delivered by Justice Moseley,
Justices Bridges and Lang-Miers
participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered June 5, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE