**Affirmed as Modified; Opinion Filed December 7, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00122-CR
## No. 05-17-00123-CR

**DOMINIC JERMAIN COLLINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-53783-N, F07-15405-N**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Stoddart
Opinion by Justice Stoddart

Dominic Jermain Collins appeals his convictions for evading arrest while using a motor vehicle and aggravated robbery with a deadly weapon. In two issues, appellant contends the trial court violated his common law right to allocution and the trial court's judgments should be modified to reflect the name of defense counsel and that there were no plea bargain agreements. We modify the trial court's judgment in the evading arrest case (F13-53783-N/05-17-00122-CR) and affirm as modified. We affirm the trial court's judgment in the aggravated robbery with a deadly weapon case (F07-15405-N/05-17-00123-CR).

In 2008, appellant pleaded guilty before a jury to aggravated robbery with a deadly weapon, a firearm. *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011). After finding appellant guilty, the jury assessed punishment at ten years' imprisonment and recommended he

be given community supervision. The trial court sentenced appellant to ten years' imprisonment, suspended imposition of the sentence, and placed him on community supervision for ten years.

In 2013, while on probation, appellant was indicted for evading arrest with a vehicle in F13-53783-N/05-17-00122-CR. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B) (West 2016). Appellant waived a jury and pleaded guilty to the charge in the indictment including one enhancement paragraph that cited the aggravated robbery conviction. The trial court found the enhancement paragraph true but deferred adjudication of guilt and placed appellant on six years' community supervision. Although the State moved to revoke his community supervision in the aggravated robbery case at the time of his evading arrest charge, the trial court continued appellant on community supervision.

In December 2016, the State filed a motion to revoke probation in the aggravated robbery case and a motion to proceed with an adjudication of guilt in the evading arrest case, alleging appellant violated the conditions of his community supervision. After appellant pleaded true to the allegations, the trial court granted the motions. In the aggravated robbery case, the trial court revoked appellant's community supervision and sentenced him to ten years' imprisonment. In the evading arrest case, the trial court adjudicated appellant guilty of evading arrest and sentenced him to two years' imprisonment. These appeals followed.

In his first issue, appellant contends the trial court violated his common law right to allocution because the court did not ask appellant if he had anything to say as to why the sentence should not be pronounced. Appellant asserts the trial court never inquired if he wished to exercise his common law right to "lodge one final plea for mercy." The State responds that appellant did not object to the trial court's allocution procedure nor offer a reason why he should not be sentenced.

Appellant did not bring this issue before the trial court by a proper objection or motion; therefore, he has failed to preserve the issue for our review. TEX. R. APP. P. 33.1(a)(1); *see Tenon v. State*, 563 S.W.2d 622, 623–24 (Tex. Crim. App. 1978) (holding nothing was preserved for review when appellant failed to object to trial court's failure to follow article 42.07); *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (holding that appellant's failure to raise contention that trial court violated his "common-law right of allocution" before the trial court preserved nothing for review). We overrule appellant's first issue.

In his second issue, appellant contends the trial court's judgments should be modified to show the correct name of defense counsel and that there were no plea bargain agreements in these cases. Because the judgment in the aggravated robbery case (F07-15405-N/05-17-00123-CR) incorrectly reflected appellant was adjudicated guilty on January 4, 2017 when, in fact, his community supervision had been revoked, we abated these cases for the trial court to enter a corrected judgment in the aggravated robbery case. On November 8, 2017, a corrected judgment in F07-15405-N/05-17-00123-CR was filed with this Court. That judgment reflects appellant's community supervision was revoked and he was sentenced to ten years in prison. It also reflects appellant was represented by Tim Jeffrey.

The written judgment in F13-53783-N/05-17-00122-CR, however, incorrectly recites that the attorney for defendant was Lonnie Woods and that the terms of the plea bargain included "2 years penitentiary." The record shows the attorney for defendant at the hearing on the motion to adjudicate guilt was Timothy A. "Tim" Jeffrey, and that appellant entered an open plea of true to the allegations in the motion to proceed with adjudication. We sustain appellant's second issue with respect to the evading arrest judgment.

In F13-53783-N/05-17-00122-CR, we modify the judgment to show "Tim Jeffrey" as the "attorney for defendant" and "open" as the "terms of plea bargain."

As modified, we affirm the trial court's judgment in F13-53783-N/05-17-00122-CR. We affirm the trial court judgment in F07-15405-N/05-17-00123-CR.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
170122F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

DOMINIC JERMAIN COLLINS, Appellant

No. 05-17-00122-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F13-53783-N.
Opinion delivered by Justice Stoddart.
Justices Bridges and Fillmore participating.

Based on the Court's opinion of this date, the judgment adjudicating guilt of the trial court is **MODIFIED** as follows:

The section entitled "Attorney for Defendant" is modified to show "Tim Jeffrey."

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered this 7th day of December, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DOMINIC JERMAIN COLLINS, Appellant

No. 05-17-00123-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F07-15405-N.
Opinion delivered by Justice Stoddart.
Justices Bridges and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of December, 2017.