

# NUMBER 13-19-00388-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RAMIRO GARCIA,                                                                                          Appellant,

v.

THE STATE OF TEXAS,                                                                                       Appellee.

### On appeal from the 117th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Ramiro Garcia argues on appeal that the trial court (1) abused its discretion by revoking his community supervision and (2) erred by sentencing him without allowing him a chance to speak in allocution. We affirm.

## I. BACKGROUND

On February 5, 2016, Garcia was placed on deferred adjudication community supervision for ten years after pleading guilty to two counts of indecency with a child and entering into a plea agreement. *See* TEX. PENAL CODE ANN. § 21.11. On November 14, 2016, the State moved to revoke his community supervision and Garcia pleaded true to the alleged violations, including testing positive for marijuana and cocaine. The trial court continued Garcia's community supervision. Again, on September 20, 2018, the State moved to revoke Garcia's community supervision, and Garcia pleaded true to alleged violations including, testing positive for marijuana and cocaine. The trial court continued Garcia's community supervision for a second time.

The State filed a third motion to revoke alleging that Garcia had twice tested positive for alcohol and had admitted to consuming alcohol once. Garcia pleaded true to the violations and testified that he drank "a couple of beers" on two occasions after an incident occurred with his daughter, wherein she was "attacked" at a party and was in the hospital. Pursuant to Garcia's terms of his community supervision, he was not allowed to go see his daughter which he claimed made him feel "helpless," and he chose to drink, which he admitted was a poor decision. Garcia further testified that he is working, attending the required programs, paying his fees, and reporting to his probation officer and for his urinalysis every two weeks. Garcia's fiancée, Ashley Garcia, testified that Garcia was working and taking care of his elderly grandmother and his injured brother.

The probation department recommended revocation based on his continuous violations. The State also called Garcia's ex-wife, the mother of the complaining witness in Garcia's underlying indecency with a child conviction, who testified that her daughter

still has flashbacks and suffers from depression. She requested that Garcia not be given another chance on community supervision.

The State sought revocation and asked that Garcia be sentenced to the maximum twenty years. Garcia requested a return to community supervision. The trial court found the violation allegations to be true, revoked Garcia's community supervision, and sentenced him to seven years in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II.    REVOCATION

In his first issue, Garcia argues that the trial court abused its discretion in revoking his community supervision when he "was faithfully reporting and in compliance with sexual offender treatment programs, demonstrated he was no danger to the community but a probationer who, in the words of the trial court, damaged himself by imbibing alcohol."

### A.    Standard of Review & Applicable Law

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, it is the State's burden to prove by a preponderance of the evidence that a probationer violated the terms of his community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). A trial court abuses its discretion when it revokes community supervision after the State has failed to meet its burden of proof. *Cardona*, 665 S.W.2d at 493–94.

Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision will support revocation on appeal. *Moore v.*

*State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). A plea of true, standing alone, constitutes proof by a preponderance of the evidence. *See Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) (citing *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979)). The trial judge is the sole judge of the credibility of the witnesses and the weight given to their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

## B.    Analysis

Garcia does not dispute his plea of true to the allegations, and therefore the State carried its burden. *See Jones*, 112 S.W.3d at 268 (citing *Cole*, 578 S.W.2d at 128). He argues, however, that the trial court may grant community supervision when it finds suspending imposition of the sentence is in the best interest of justice, the public, and the defendant. *See* Tex. Code Crim. Proc. Ann. art 42A.053. Garcia admittedly acknowledges that "he has found no cases in which a court of appeals stated a trial court must allow an [a]ppellant to remain on community supervision despite violations of conditions." He argues, instead, that he only posed a danger to himself by drinking alcohol, and therefore he should not have had his community supervision revoked. However, it was established that this was Garcia's third revocation hearing and that he had continued to relapse with use of drugs and alcohol. After Garcia pleaded "true" to the violations, the trial determined that Garcia was no longer a good candidate for community supervision, and it is not our place to disturb that determination. *See Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Crim. App. [Panel Op.] 1979) (explaining that once a violation

4

is established, "the discretion of the trial court to choose the alternative of revocation is at least substantially absolute."). We overrule Garcia's first issue.

### III.    ALLOCUTION

By his second issue, Garcia complains that the trial court violated his common-law right of allocution when it sentenced him without first "giving him a chance to speak in allocution." The common-law right of allocution refers to a defendant's ability to personally address the trial court in mitigation of punishment. *Eisen v. State*, 40 S.W.3d 628, 631–32 (Tex. App.—Waco 2001, pet ref'd) (quoting A Dictionary of Modern Legal Usage 45 (Bryan A. Garner ed., 2nd ed., Oxford 1995)). The State argues, and we agree, that Garcia failed to preserve this issue for appeal.

To preserve error for appeal, a party is required to make a timely request, objection, or motion to the trial court and obtain an express or implied ruling. TEX. R. APP. P. 33.1. This means that Garcia was required to clearly convey to the trial court the particular complaint he now raises on appeal, including "the precise and proper application of the law as well as the underling rationale." *Pena v. State*, 285 S.W.3d 459, 463–64 (Tex. Crim. App. 2009). To avoid forfeiting an appellate complaint, the complaining party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Id.* at 464 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

Here, Garcia did not object when the trial court pronounced his sentence, nor did he or his counsel convey to the trial court that Garcia wished to be allowed to exercise his alleged common-law right of allocution or an objection that the trial court was violating

5

this alleged right. *See Tenon v. State*, 563 S.W.2d 622, 623 (Tex. Crim. App. 1978) (overruling issue raising violation of article 42.07 where "[t]here were no objections to the court's failure to inquire of the appellant if she had anything to say why the sentence should not be pronounced against her"); *see also Gay v. State*, No. 13-16-00158-CR, 2017 WL 2705446, at *1 (Tex. App.—Corpus Christi–Edinburg June 22, 2017, no pet.) (mem. op., not designated for publication). Having failed to preserve this alleged error, we overrule Garcia's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of January, 2021.

6