**AFFIRM; Opinion Filed March 8, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01321-CR**
**No. 05-19-01563-CR**

**DONNIE RAY JONES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-71725-V & F17-57638-V**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Schenck

Donnie Ray Jones appeals his two convictions for assault causing bodily injury, each enhanced with a finding the assault involved family violence under article 42.013 of the code of criminal procedure. We affirm the trial court's judgments in both cases. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

Appellant was indicted on two counts of third-degree felony offenses of assault against a member of appellant's household and with whom appellant had a

dating relationship. Each indictment included an enhancement paragraph, alleging appellant had been previously convicted of the felony offense of burglary of a habitation. The offenses were alleged to have been committed on August 18 and 25 of 2017. Appellant pleaded guilty to both charges and judicially confessed the offenses. In each case, appellant signed a plea agreement, which the trial court accepted. Pursuant to these agreements, the trial court found the evidence sufficient to find appellant guilty on his original pleas of guilty but made no finding of guilt and placed appellant on a five-year deferred community supervision in each case.

On April 26, 2019, the State of Texas filed amended motions to adjudicate in both cases, alleging that appellant had violated his conditions of community supervision in each case. On October 24, 2019, the trial court conducted a hearing on both cases. Appellant entered a plea of true to several, but not all, of the allegations in each motion. After the trial court accepted appellant's plea of true in each case, and after hearing the evidence from both sides, the trial court revoked appellant's community supervisions and adjudicated and assessed appellant's punishment at 10 years in the Texas Department of Criminal Justice in both cases. The trial court's certification of Defendant's Right to Appeal was filed with the court on October 24, 2019. Appellant filed a motion for new trial in each case, both of which were overruled. Appellant filed a notice of appeal in each case.

DISCUSSION

Appellant's appointed counsel filed a single *Anders* brief and motion to withdraw addressing all of the cases stating that he diligently reviewed the entire appellate record and that, in his opinion, there are no meritorious issues on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, an appeal from the judgments and sentences is without merit and frivolous because the record reflects no reversible error and, in his opinion, there are no grounds upon which an appeal can be predicated. Counsel specifically noted, from his review of the following, that he found no issues presented for review: (1) the sufficiency of the indictment,[1] (2) competency,[2] (3) pretrial motions,[3] (6) jury

---

[1] The indictments contain all elements of the offenses and conferred jurisdiction on the trial court.

[2] The trial court admonished appellant at the plea proceedings and made findings in the judgments that appellant was mentally competent to enter the pleas.

[3] No pretrial motions filed and thus no ruling on any pretrial motions to support an appeal.

waiver and pleas of guilty,[4] (7) sufficiency of the evidence,[5] and (8) right to appeal.[6] In addition, counsel reviewed the performance of trial counsel and concluded the record does not reflect counsel failed to interpose a proper objection that might have preserved reversible error and states nothing in the record suggests the punishment assessed is grossly disproportionate to the crime.[7]

Counsel delivered a copy of the brief to appellant, and by letter dated April 22, 2020, we advised appellant of his right to file a pro se response by May 8, 2020. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file *pro se* response to *Anders* brief filed by counsel). We advised appellant that failure to file a pro se response by that date would result in the case being submitted on the *Anders* brief alone. Appellant did not file a response.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). Having reviewed the entire record and counsel's brief,

---

[4] Record contains written waiver of jury trial as required by Texas Code of Criminal Procedure. All requirements of articles 1.13, 1.14, and 1.141 of the code of criminal procedure were met.

[5] Appellant executed written sworn judicial confessions in which he stated that he committed each element of the primary offense exactly as alleged in the indictments.

[6] The trial court's certification of appellant's right to appeal was filed in each case.

[7] We need not determine whether the trial court's inquiry of trial counsel, as to whether there was any reason at law that appellant could not be sentenced, afforded appellant the right of allocution because controlling precedent requires that a defendant timely object to complain about a denial of the right of allocution and no objection appears in the record. *See Gallegos-Perez v. State*, No. 05-16-00015-CR, 2016 WL 6519113, at *2 (Tex. App.—Dallas Nov. 1, 2016, no pet.) (mem. op., not designated for publication) (citing *Tenon v. State*, 563 S.W.2d 622, 623 (Tex. Crim. App. 1978) (panel op.)).

we find nothing that would arguably support the appeals.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases).  Accordingly, we affirm the trial court's judgments.

In accordance with *Anders*, counsel has filed a motion to withdraw from each of these cases.  *See Anders*, 386 U.S. at 744; *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.").  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgments to appellant and to advise appellant of his right to pursue a petition for review.  *See* TEX. R. APP. P. 48.4.

## CONCLUSION

We affirm the trial court's judgments.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47
191321F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONNIE RAY JONES, Appellant

No. 05-19-01321-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-71725-V.
Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of March, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONNIE RAY JONES, Appellant

No. 05-19-01563-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F17-57638-V. Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of March, 2021.