

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00038-CR
_____

MICAH DAVID BROWN, Appellant

v.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR21-130

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Micah David Brown entered an open plea of guilty to intoxication manslaughter with a motor vehicle. After a bench trial on punishment, the trial court sentenced Brown to fifteen years' imprisonment. On appeal, Brown argues (1) that the trial court did not allow him to comment on his presentence investigation (PSI) report during the sentencing hearing and (2) that his counsel "was ineffective in failing to object to this oversight."[1] We find that Brown failed to preserve his first point of error and cannot show that his counsel rendered ineffective assistance on this silent record. As a result, we affirm the trial court's judgment.

## I.      Background and Relevant Law

A PSI report was prepared after Brown pled guilty to the State's indictment. *See Stringer v. State*, 309 S.W.3d 42, 45 (Tex. Crim. App. 2010) ("A PSI is used anytime a sentence is to be determined by a judge."). "Unless waived by the defendant, at least 48 hours before sentencing a defendant, the judge shall permit the defendant or the defendant's attorney to read the presentence report." TEX. CODE CRIM. PROC. ANN. art. 42A.255(a). The record indicates that this procedure was followed.

At the beginning of the punishment hearing, the trial court made the following announcement:

---

[1]In companion cause number 06-23-00039-CR, Brown appeals his conviction for intoxication assault with a vehicle causing serious bodily injury and the resulting sentence of eight years' imprisonment.

THE COURT: All right. Additionally, the Court has before it -- I know both counsel have reviewed this matter -- the presentence investigation report. And so the Court will take judicial notice of the contents of the presentence investigation report in this case.

All right. The State may proceed at this time.

Brown argues that the trial court should have expressly asked his counsel if he wished to make any comments about the PSI report. He points to Article 42A.255 of the Texas Code of Criminal Procedure, which states, "The judge shall allow the defendant or the defendant's attorney to comment on a presentence investigation . . . report and, with the approval of the judge, introduce testimony or other information alleging a factual inaccuracy in the investigation or report." TEX. CODE CRIM. PROC. ANN. art. 42A.255(b).

The opportunity to comment on the PSI report is rooted in the defendant's right to allocution. "Allocution" refers to a trial judge affording a criminal defendant the opportunity "to present his personal plea to the Court in mitigation of punishment before sentence is imposed." *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op. on reh'g). The statutory right of allocution is contained in Article 42.07 of the Texas Code of Criminal Procedure, which requires the defendant to be asked "whether he has anything to say why the sentence should not be pronounced against him" before his sentence is imposed. TEX. CODE CRIM. PROC. ANN. art. 42.07.

With this relevant law in mind, we address Brown's two points of error.

**II.    Any Complaint About the Trial Court's Actions Related to the PSI Report Is Unpreserved**

Brown's briefing states that he had no criminal history.  He testified at the punishment hearing and sought community supervision.  His counsel introduced eight witnesses in his favor during punishment.  Also, nothing indicated that the PSI report, which is not a part of our appellate record, contained any inaccurate information.  Even so, in his first point of error, Brown complains that the trial court failed to expressly ask his counsel if he wished to comment on the PSI report.  We find this issue unpreserved.

"As a prerequisite to presenting a complaint for appellate review, the record must show that" it "was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling . . . with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context" and that either the trial court "ruled on the request, objection, or motion, either expressly or implicitly," or "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." TEX. R. APP. P. 33.1(a).

Brown admits that there was no objection alerting the trial court that his counsel wished to comment on the PSI report.  As a result, his complaint is waived.  *See* TEX. R. APP. P. 33.1(a); *Ybarra v. State*, No. 13-18-00141-CR, 2019 WL 3819871, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 15, 2019, pet. ref'd) (mem. op., not designated for publication) (overruling unpreserved complaint that defendant "should have been permitted to personally address the trial court regarding the allegations in the PSI report"); *see also Tenon v. State*, 563 S.W.2d 622, 623 (Tex. Crim. App. [Panel Op.] 1978); *Reyna v. State*, No. 06-20-00090-CR, 2021 WL 297585, at

4

*1 (Tex. App.—Texarkana Jan. 29, 2021, pet. ref'd) (mem. op., not designated for publication) *Kadlec v. State*, 704 S.W.2d 526, 527 (Tex. App.—Dallas 1986, pet. ref'd) ( "[B]y not objecting to the contents of the presentence report at trial, [Brown] has waived . . . any error contained in that report and has failed to preserve anything for review on appeal.") Consequently, we overrule Brown's first point of error.

## III.   Brown Cannot Show that His Counsel Rendered Ineffective Assistance

In his second point of error, Brown argues that his counsel rendered ineffective assistance by failing to object to the trial court's alleged refusal to allow comment on the PSI report.

### A.   Standard of Review

As many cases have noted, the right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[T]o prevail on a claim of ineffective assistance of counsel, [the defendant] must satisfy the two-prong[ed] test set forth in *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)." *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding). A failure to make a showing under either prong of the *Strickland* test defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

To prove ineffective assistance of his counsel, Brown must show (1) that trial "counsel's representation fell below an objective standard of reasonableness," based on prevailing professional norms, and (2) that "there is a reasonable probability that . . . the result of the proceeding would have been different" but for trial counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *see Hernandez v. State*, 726 S.W.2d 53, 55–57

5

(Tex. Crim. App. 1986). A "reasonable probability" means a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### B.      Analysis

Under the first *Strickland* prong, "the defendant must prove, by a preponderance of the evidence, that there is . . . no plausible professional reason for a specific act or omission." *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). We note that "[j]udicial scrutiny of counsel's performance must be highly deferential," *Strickland*, 466 U.S. at 689, and "the defendant must overcome the presumption that, under the circumstances of the case, the challenged action 'might be considered sound trial strategy,'" *id.* (quoting *Michel v. Louisiana* 350 U.S. 91, 101 (1955)). We apply a strong presumption that trial counsel was competent and presume that counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Also, when an appellate record is silent on why trial counsel failed to take certain actions, the appellant has "failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *see Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Here, the record is silent as to why counsel did not object. As a result, "[w]e must presume that competent counsel . . . consult[ed] with his client about the contents of the presentence report and . . . act[ed] in his client's best interest at trial." *Kadlec*, 704 S.W.2d at 527. Because Brown had no criminal history and identifies no inaccuracy in the PSI report, it is entirely possible that counsel had no objections to the report and no need to comment about it.

Also, we find that counsel may have failed to object because he was aware that he was introducing several witnesses, including Brown, to testify that Brown would be a good candidate for community supervision. Consequently, we cannot find Brown's counsel ineffective on this silent record and conclude that Brown has failed to meet the first *Strickland* prong.

We also find that Brown cannot meet the second *Strickland* prong. First, Brown's briefing fails to show what might have been accomplished by objecting to or commenting on the PSI report. Instead, it shows that he had no criminal history and introduced testimony showing that he was participating in community programs, counseling, and treatment for alcohol abuse. Brown took the stand and explained why he would be a good candidate for community supervision. Counsel introduced many other supporting witnesses who commented about Brown's contributions to society and supported his request for community supervision, and his closing argument made an effective plea for community supervision. As a result, we find that Brown has not met the *Strickland* prejudice prong.

We find that Brown cannot meet either prong of the *Strickland* test. As a result, we overrule his last point of error.

## IV. Disposition

We affirm the trial court's judgment

Jeff Rambin
Justice

Date Submitted: June 30, 2023
Date Decided: July 6, 2023

Do Not Publish

7