**Affirmed and Opinion Filed January 2, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00026-CR

**WARREN TYRONE CALHOUN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1654594-N**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Whitehill
Opinion by Justice Whitehill

A jury convicted appellant of aggravated robbery, and assessed punishment at eighteen years imprisonment after he pled true to an enhancement paragraph.

Appellant argues that (i) the evidence is insufficient to support the deadly weapon finding, (ii) the trial court should have excluded statements he made to officers before he was given *Miranda* warnings, and (iii) his common law allocution right was violated. The State requests that we modify the judgment to reflect that the deadly weapon was not a firearm.

We conclude that the evidence supports the deadly weapon finding because (i) the evidence established that the gun was capable of causing serious bodily injury and (ii) appellant pointed the air gun at the complainant and threatened him. And appellant did not preserve his remaining issues for our review. We thus modify the judgment and affirm as modified.

## I. BACKGROUND

Appellant's pregnant girlfriend loaned him her car to get her some pickles from the convenience store. He robbed the store instead.

Wearing gloves and a ski mask, appellant entered the convenience store and pointed a gun at Antonio Navarez, the clerk. Appellant told Navarez that he would kill him if he did not give appellant the money. Navarez thought the gun was a semi-automatic, and complied with appellant's demand. Appellant took the money and ran. The police later recovered the gun and learned it was an air pistol.

Navarez called the police, and a chase ensued with appellant abandoning the car and fleeing on foot. Senior Corporal George Prock and his canine partner Drummer eventually caught appellant.

Prock asked appellant why he ran away. Appellant replied, "I didn't mean to rob him." When another officer asked him if he owned the car, appellant admitted to the robbery and said that his girlfriend was going to be mad that he stole her car.

Drummer found the air gun in tall grass near where appellant was detained. A warning label on the gun said that the gun could cause death or serious injury. Officer Kearney also testified that the gun could cause serious bodily injury.

The jury found appellant guilty of aggravated robbery. He pled true to an enhancement paragraph, and the jury assessed punishment at eighteen years imprisonment.

## II. ANALYSIS

### A. First Issue: Is the evidence sufficient to support the deadly weapon finding?

Appellant challenges the sufficiency of the evidence to support the trial court's finding that he used or exhibited a deadly weapon. We disagree because the trial testimony, surveillance

video, and warning label on the air pistol all support the finding that appellant used or exhibited a deadly weapon in the commission of the robbery.

### 1. Standard of Review and Applicable Law

We review the sufficiency of the evidence to support a conviction by viewing all of the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

This standard gives full play to the fact finder's responsibility to resolve testimonial conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* at 319; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). And the fact finder is the sole judge of the evidence's weight and credibility. *See* TEX. CODE CRIM. PROC. art. 38.04; *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder's. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Murray*, 457 S.W.3d at 448. We must presume that the factfinder resolved any conflicting inferences in the verdict's favor and defer to that resolution. *Id.* at 448–49. The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing guilt. *Dobbs*, 434 S.W.3d at 170; *Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014).

The Texas Penal Code defines a "deadly weapon" as "(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or

–3–

serious bodily injury." TEX. PENAL CODE § 1.07(a)(17). Expert or lay testimony may support a deadly weapon finding. *See Tucker v. State*, 274 S.W.3d 688, 691–92 (Tex. Crim. App. 2008).

### 2. The Evidence

Appellant points to the undisputed fact that the gun was an air gun, not a firearm, and argues that the pistol was not a deadly weapon because: (i) the gun's CO2 canister was empty, (ii) he did not threaten to hit Navarez with the gun, and (iii) there was no evidence that BBs or pellets were in or found near the gun. These arguments are not persuasive for three reasons:

One, Navarez testified that appellant pointed the gun at him and said to give him the money or he would kill him.

Two, Officer Kearney testified about the surveillance video showing appellant point the gun at Navarez and taking money from the register. He also explained that the gun was capable of causing serious bodily injury and could "hurt someone severely."

Three, the gun's warning label said, "Warning not a toy. Misuse, careless use may cause serious injury or death . . . ." *See Gallagher v. State*, No. 05-06-011010-CR, 2007 WL 3105642, at *3 (Tex. App.—Dallas 2007, no pet.) (mem. op.) (considered warning label on soft-pellet air pistol in deciding whether it could cause serious injury or death).

Nonetheless, appellant urges that Nevarez was never "actually endangered" by his threat because the CO2 canister was empty. This argument, however, misapplies the analysis. A BB gun is not a deadly weapon per se. *Adame v. State*, 69 S.W.3d 581, 582 (Tex. Crim. App. 2002). But whether the gun is loaded is not significant in a deadly weapon analysis. Instead, the question is whether the evidence shows that the gun is capable of causing serious bodily injury. *Id.* at 582.

Here, the evidence shows that appellant pointed the gun at Nararez and threatened to shoot him, and further showed that the gun was capable of causing serious bodily injury.

Therefore the evidence is sufficient to support the deadly weapon finding, and we resolve appellant's first issue against him.

### 3.    Reforming the Judgment

The State asks that we modify the judgment to delete the words "a firearm" from the deadly weapon finding. An appellate court has "the power to correct and reform a trial court judgment 'to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require." *Asberry v. State,* 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

Here, the indictment charged that appellant used a deadly weapon "To wit: an air pistol." The jury found appellant guilty "as charged in the indictment." And the record supports the conclusion that the deadly weapon appellant used was an air pistol, not a firearm. We therefore modify the judgment to delete the words "a firearm" from the deadly weapon finding.

**B.    Second and Third Issues:  Did the trial court err by failing to exclude statements appellant made before he was *Mirandized*?**

Appellant's second and third issues complain about testimony concerning incriminating statements he made to officers before he was advised of his *Miranda* rights. Specifically, appellant complains about the admission of his "I didn't mean to rob him" statement, and to testimony that he admitted committing the robbery and stole his girlfriend's car.

Generally speaking, however, for "a complaint for appellate review" to be preserved, "the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion" and that "the trial court . . . ruled on the request, objection, or motion, either expressly or implicitly . . . or. . . refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." *See* TEX. R. APP. P. 33.1. All "but the most

–5–

fundamental rights," including many constitutional rights, are waived if they are not raised at trial. *See Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002). Thus, failing to object to the admission of evidence waives appellate complaints concerning the admissibility of that evidence even if the error concerns a constitutional right. *Id.* at 889.

Here, these issues were not preserved for our review because appellant did not object to the complained-of testimony. TEX. R. APP. P. 33.1. We thus resolve appellant's third and fourth issues against him.

**C.      Fourth Issue:  Was appellant's allocution right violated?**

Although appellant acknowledges that the trial court met the statutory allocution requirements, he insists that he also has a common law allocution right that was violated.

"Allocution" refers to a trial judge asking a criminal defendant to "speak in mitigation of the sentence to be imposed." *Smith v. State*, No. 05-15-01191-CR 2017 WL 46235, at *4 (Tex. App.—Dallas Jan. 31, 2017, no pet.) (mem. op.). Article 42.07, which implements statutory allocution in Texas, requires that the defendant be asked, before sentence is pronounced, "whether he has anything to say why the sentence should not be imposed against him." *See* TEX. CODE CRIM. PROC. art. 42.07. The circumstances when sentence cannot be pronounced are limited to when a defendant (i) has been pardoned, (ii) is incompetent to stand trial, or (iii) escapes and another person is brought to sentencing who is not the defendant. *See id.*

Appellant argues that there is also a common law right to allocution that is broader than the statutory right. Appellant, however, did not assert a common law allocution right in the court below. Instead, when the trial court asked where there was any reason why appellant should not be sentenced, his counsel replied, "None."

The denial of the allocution right must be preserved. *See Grahm v. State*, 498 S.W.2d 197, 198 (Tex. Crim. App. 1973); *Wilson v. State*, No. 05-13-00831-CR, 2013 WL 4399193, at

–6–

*7 (Tex. App.—Dallas Aug. 15, 2013, no pet.) (mem. op.).  And appellant provides no authority for the premise that a common law allocution right, if any, would have any different preservation rules than the statutory right.  Because appellant's common law allocution argument was not preserved, we need not determine whether Texas recognizes a common law allocution right, and we resolve appellant's fourth issue against him.  *See* TEX. R. APP. P. 33.1.

### III.  CONCLUSION

We resolve all of appellant's issues against him.  We modify the judgment to delete the words "a firearm" from the deadly weapon finding, and affirm as modified.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
170026F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WARREN TYRONE CALHOUN,
Appellant

No. 05-17-00026-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1654594-N.
Opinion delivered by Justice Whitehill.
Justices Lang-Miers and Brown
participating.

Based on the Court's opinion of this date, the judgment of the trial court is modified to delete the words "a firearm" from the deadly weapon finding, and as modified, is **AFFIRMED**.

Judgment entered January 2, 2018.