

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00019-CR

COLBY BRYANT SPEIGHTS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 31925

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Colby Bryant Speights, having originally been placed on deferred adjudication community supervision for the offense of sexual assault, pled true to the allegations in the State's subsequent motion to revoke and request for final adjudication. As a result, the trial court sentenced Speights to twenty years' confinement in prison.

On appeal, Speights maintains that the trial court violated Article 42.07 of the Texas Code of Criminal Procedure when it failed to make an allocution inquiry. *See* TEX. CODE CRIM. PROC. ANN. art. 42.07. Because Speights did not preserve error on the trial court's handling of allocution, we affirm the trial court's judgment.

## I. Background

On March 31, 2017, pursuant to an agreed waiver of jurisdiction, Speights' case was transferred from the County Court at Law of Hunt County to the 354th Judicial District Court.[1] Following its transfer, the grand jury returned an indictment on October 27, 2017, alleging that Speights had committed the offense of sexual assault.[2] Speights waived his right to a jury trial and entered a plea of guilty to the charged offense. Under a plea agreement, the trial court sentenced Speights to ten years' deferred adjudication community supervision.

---

[1] Speights was fifteen years old at the time of the alleged offense. In the State's petition for discretionary transfer to criminal court, it alleged that on February 9, 2014, Speights "intentionally or knowingly cause[d] the penetration of the sexual organ of Leigh Brownwood (a pseudonym) with [his] sexual organ, without the consent of Leigh Brownwood." In its petition, the State maintained that "after due diligence . . . it was not practicable to proceed in juvenile court" prior to Speights' eighteenth birthday because of reasons beyond the State's control or because there was no probable cause to proceed before his eighteenth birthday and that new evidence had been found since he had turned eighteen years old.

[2] The State's indictment contained the same allegations as it had presented in its petition for discretionary transfer to criminal court.

On September 25, 2018, the State moved to revoke Speights' deferred adjudication community supervision and requested a final adjudication of his guilt, arguing that he had failed to report to the community supervision department as directed and that he had failed to submit himself to the Hunt County Jail on September 8, 2018, as ordered by the trial court. On October 4, 2018, the State filed an amended motion, alleging a third violation, that is, Speights committed the offense of possession of a controlled substance.

The trial court held a hearing on the State's amended motion, and Speights pled true to the State's allegations against him. After entering his pleas, the trial court asked Speights (1) if he spoke with his attorney about the allegations, (2) if he understood the allegations against him and the consequences of pleading true to them, (3) if he understood that if he pled true to the allegations, the State would not be required to present additional evidence, (4) if he was capable of reading and writing the English language, (5) if he was a United States citizen, and (6) if he had any mental issues or was taking medication. Except for the trial court's inquiry regarding mental illness and medication, Speights answered the trial court in the affirmative.

The trial court found that Speights freely and voluntarily entered his pleas of true to the State's allegations, and, based on his pleas, the trial court found the allegations to be true. It then adjudicated Speights guilty and moved to the sentencing phase of the hearing.[3] After hearing testimony and arguments from both sides, the trial court sentenced Speights to twenty years'

---

[3]The record shows that the trial court held an extensive hearing on punishment, with Speights presenting several witnesses, including himself.

confinement in prison. Speights appeals, maintaining that the trial court violated Article 42.07 of the Texas Code of Criminal Procedure when it failed to make an allocution inquiry.

## II. Discussion

The common-law right of allocution is codified in Article 42.07 of the Texas Rules of Criminal Procedure and states, "Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. ANN. art 42.07.[4] Here, the record reflects, and the State concedes, that the trial court failed to inquire as to whether Speights had anything to say prior to the trial court pronouncing his sentence. Thus, error exists in the record. The State contends, however, that Speights failed to object to the trial court's error during the revocation proceeding and that he has thus waived the issue for our review. We agree.

To preserve error for appeal, a party must make a timely request, objection, or motion to the trial court and obtain an express or implied ruling. TEX. R. APP. P. 33.1. This means that Speights, as the complaining party, had the responsibility of clearly conveying to the trial court

---

[4]There are only three reasons a trial court should withhold its pronouncement of sentence.

> 1. That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged.

> 2. That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the court shall proceed under Chapter 46B; and

> 3. When a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has been arrested he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before the jury, or before the court if a jury is waived, as to his identity.

TEX. CODE CRIM. PROC. ANN. art 42.07.

4

the particular complaint that he now raises on appeal, including "the precise and proper application of the law as well as the underlying rationale." *See Pena v. State*, 285 S.W.3d 459, 463–64 (Tex. Crim. App. 2009). The Texas Court of Criminal Appeals, in *Pena*, emphasized the rather exacting standard for preserving a complaint for appellate review. *See id.* To avoid forfeiting a complaint, the complaining party must "let the trial judge know what he wants [and] why he thinks he is entitled to it, and . . . do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Id*. at 464 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). In relation to this case, the denial of the statutory right of allocution must be preserved. *See Graham v. State*, 498 S.W.2d 197, 198 (Tex. Crim. App. 1973).

Here, Speights did not convey to the trial court a request to be allowed to exercise his statutory right of allocution and did not object that the trial court violated his right. We therefore conclude that Speights failed to preserve error in the trial court regarding this issue. For these reasons, we overrule Speights' sole point of error.

## III.    Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:    July 29, 2019
Date Decided:      July 30, 2019

Do Not Publish

5