**REFORM and REMAND in part; AFFIRMED and Opinion Filed December 15, 2021**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-20-00892-CR**

**No. 05-20-00893-CR**

**No. 05-20-00894-CR**

**No. 05-20-00895-CR**

**No. 05-20-00896-CR**

**No. 05-20-00897-CR**

**No. 05-20-00898-CR**

**No. 05-20-00899-CR**

**No. 05-20-00918-CR**

**No. 05-20-00919-CR**

**JONATHON DALE MCDONALD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F20-11856-M, F20-11897-M, F20-11898-M, F20-36296-M, F20-36297-M, F20-36363-M, F20-36384-M, F20-36385-M, F20-363392-M, F20-36999-M**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Schenck

Appellant Johnathan Dale McDonald appeals ten convictions for burglary of a building. In five issues, appellant asserts (1) the trial court's judgment in cause number F20-36363-M should be reformed to eliminate references to enhancement paragraphs, (2) an illegal sentence was imposed in cause number F20-36363-M, (3) the trial court violated his common-law right of allocution, (4) the trial court imposed a grossly disproportionate punishment in each case thereby violating his rights under the Eighth Amendment's prohibition of cruel and unusual punishments, and (5) the sentences imposed violate appellant's rights under the Texas Penal Code's direct expression of the objectives to be served. We modify the judgment in cause number F20-36363-M to reflect there were no enhancement paragraphs alleged in the indictment, vacate the sentence imposed in that case and remand the case for a new punishment hearing. We affirm the remaining trial court judgments that are the subject of this appeal. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellant was charged with ten instances of burglary of a building that were alleged to have been committed between November 1, 2019 and February 25, 2020. With the exception of the indictment in cause number F20-36363-M, each of the indictments included an allegation that appellant had two prior, final felony convictions, one in 2007 and the other in 2017. Appellant entered an open plea of guilty to each of the ten charged offenses.

At the punishment hearing, the State called Erika Honeycutt, a detective with the Carrollton Police Department, and Robert Kuether, a detective with the Irving Police Department. Detective Honeycutt testified that after receiving bulletins regarding mail room thieves, who would enter the secured mail rooms of apartment complexes and steal packages therefrom, she was assigned to investigate a theft that occurred on February 3, 2020. She viewed a video recording of the theft and generated a bulletin that contained appellant's picture. On February 13, Detective Honeycutt received notice that a crime analyst with the Richardson Police Department had recognized appellant because he was a known offender in Richardson. Detective Honeycutt reviewed appellant's Texas Driver License and confirmed that appellant was the same person shown in the video of the February 3 theft. Detective Honeycutt further established that appellant had been involved in similar thefts in Carrollton in the months of November and December 2019.

Detective Kuether testified that mail room thefts had been a recurring problem in Irving in the later part of 2019 and the beginning of 2020. There had been a total of nine reported cases, but he had been able to file criminal charges in only seven of them. Detective Kuether issued a "be on the lookout" alert in connection with the mail room thefts. The Carrollton Police Department contacted him and he determined appellant was involved in the thefts he was investigating. Detective Kuether identified appellant in a still shot from surveillance footage recorded at one of the crime scenes. He also identified Garrett Lynch as having been with appellant

during one of the thefts. The items stolen included an identity card from India, a passport, earbuds, and possibly a laptop computer.

The State introduced evidence of telephone calls appellant made while in jail. In one such call, appellant told the mother of his daughter that he had committed the crimes because he had to make money to repay his employer who was threatening him for having taken a safe that contained $21,000 and drugs.

The State pointed out that appellant had blamed the apartment complexes for the crimes because they had given him the access codes to the rooms where the packages had been located. Appellant's counsel noted that the ATRS evaluation[1] indicated that appellant should be placed in an Intermediate Sanctions Facility.

After hearing the testimony and arguments of counsel, the trial court declared appellant was not a candidate for probation and sentenced appellant to imprisonment in each case for concurrent periods of fifteen years. This appeal followed.

## DISCUSSION

### I.    Errors in the Judgment in Cause Number F20-36363-M

In his first issue, appellant urges this Court to reform the trial court's judgment in cause number F20-36363-M to reflect that there were no enhancement paragraphs in the indictment for appellant to plead true to. The State agrees.

---

[1] ATRS is an acronym for Assessment Treatment and Research Services.

We have the authority to modify the trial court's judgment to make the record speak the truth. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App.1992). This authority extends to both clerical and legal errors. *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). The indictment in cause number F20-36363-M does not contain any enhancement paragraphs. The judgment incorrectly reflects that appellant pleaded true to two enhancement paragraphs and also incorrectly reflects that the trial court found those nonexistent paragraphs to be true. Accordingly, we sustain appellant's first issue and modify the judgment in cause number F20-36363-M to reflect that appellant's pleas to and the trial court's findings on any enhancement allegations are "not applicable."

In his second issue, appellant urges this Court to vacate the sentence in cause number F20-36363-M and remand the case for a new punishment hearing because an illegal sentence was imposed. The State agrees.

Because appellant did not plead true to any enhancement paragraphs in cause number F20-36363-M, he was subject to the sentencing range for a state-jail felony, which is punishable by no more than two years' confinement. TEX. PENAL CODE ANN. § 12.35(a). An illegal sentence is one that is not authorized by law; therefore, a sentence that is outside the range of punishment authorized by law is considered illegal. *Ex parte Parroll*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013). Accordingly, the fifteen-year sentence imposed against appellant in cause number F20-36363-M is illegal. Thus, we sustain appellant's second issue.

## II. Right to Allocution

In his third issue, appellant argues he is entitled to a new sentencing hearing because the trial court violated his common law right to allocution. The State replies, this complaint is not preserved.

The term "allocution" refers to a trial judge's asking a criminal defendant to speak in mitigation of the sentence to be imposed. *Watkins v. State*, No. 05-19-00557-CV, 2020 WL 1809503, at *4 (Tex. App.—Dallas Apr. 9, 2020, no pet.) (mem. op., not designated for publication); *see also Green v. United States*, 365 U.S. 301, 304 (1961) (recognizing common-law right of allocution). However, to complain on appeal of the denial of the right of allocution, a defendant must timely object. *See Gallegos-Perez v. State*, No. 05-16-00015-CR, 2016 WL 6519113, at *2 (Tex. App.—Dallas Nov. 1, 2016, no pet.) (mem. op., not designated for publication) (citing *Tenon v. State*, 563 S.W.2d 622, 623 (Tex. Crim. App. 1978) (panel op.); *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974)).

The record reflects that at the conclusion of the hearing following appellant's pleas of guilty, the trial court asked if there was any *reason at law* why sentence should not be imposed before pronouncing sentence but did not ask appellant whether he had anything to say in mitigation. Although appellant raised his allocution complaint in his motions for new trial, "an appellant may raise a sentencing issue in a motion for new trial for the first time only if the appellant did not have the opportunity to object in the punishment hearing." *Burt v. State*, 396

S.W.3d 574, 577 n.4 (Tex. Crim. App. 2013); *Mathis v. State*, 05-19-01004-CR, 2020 WL 4581650, at \*2 (Tex. App.—Dallas Aug. 10, 2020, no pet.) (mem. op., not designated for publication). Prior to sentencing, appellant had the opportunity to object that the trial court had denied him the common-law right to allocution. Because appellant did not do so, he failed to preserve the issue for appeal. Accordingly, we are compelled to overrule appellant's third issue.

## III. Punishment

In his fourth issue, appellant claims the trial court violated his rights under the Eighth Amendment by imposing a grossly disproportionate punishment in each case. An allegation of disproportionate punishment is a valid legal claim. The concept of proportionality is embodied in the Constitution's ban on cruel and unusual punishment and requires that punishment be graduated and proportioned to the offense. U.S. CONST. amend VIII. But this is a narrow principle that does not require strict proportionality between the crime and the sentence. *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring). Rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 23 (2003) (plurality opinion). While the United States Supreme Court has acknowledged the lack of clarity in its precedent regarding what factors may indicate gross disproportionality, it has nevertheless emphasized that a sentence is grossly disproportionate to the crime only in the exceedingly rare or extreme case. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). Moreover, punishment

–7–

assessed within the statutory limits, including punishment enhanced pursuant to a habitual-offender statute, is not excessive, cruel, or unusual. *See Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006).

To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. *Graham v. Florida*, 560 U.S. 48, 60 (2010). In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Id.* If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual. *Id.*

Appellant's sentences, in all but cause number F20-36363-M, which we are remanding for a new punishment hearing, fell well within the statutory range of two to twenty years. PENAL § 12.425 (range for state-jail felonies enhanced by two sequential, non-state-jail-felony convictions). Appellant was convicted of burgling ten buildings. By targeting the mailrooms, he victimized all residents of the apartment complexes. And appellant stole important government documents and expensive items like earbuds and a laptop. In addition, appellant orchestrated this scheme to repay his employer, from whom he stole $21,000 and four pounds of

methamphetamine. He also deflected responsibility for his crimes, blaming the apartment complexes. We conclude, in light of appellant's role in the burglaries and his significant prior adjudicated offenses, his fifteen-year sentences are not one of those "rare" cases where gross disproportionality can be said to exist. Accordingly, there is no reason to compare his sentence to sentences imposed on others. *Graham*, 560 U.S. at 60. We overrule appellant's fourth issue.

In his fifth issue, appellant claims the sentences for concurrent periods of 15 years violate his rights under the penal code's expression of the objectives to be achieved under the code. The State replies, appellant failed to preserve this complaint.

Assuming, without deciding appellant preserved this complaint, we note that we review a trial court's sentence for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). As a general rule, a sentence assessed within the statutory range of punishment applicable to the crime will not be disturbed on appeal. *Foster v. State*, 525 S.W.3d 898, 911 (Tex. App.—Dallas 2017, pet. ref'd). Section 1.02 of the penal code states the general purposes of the code "are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusable causes or threatens harm to those individual or public interests for which state protection is appropriate." PENAL § 1.02. To accomplish that end, the code shall be construed to have six objectives, including insuring public safety through the deterrent influence of penalties,

rehabilitation, and punishment to prevent likely recurrence of criminal behavior. *Id.* § 1.02(1); *Arballo v. State*, No. 05-19-00616-CR, 2020 WL 2847287, at *1 (Tex. App.—Dallas June 2, 2020, no pet.) (mem. op., not designated for publication).

Appellant entered each plea after the trial court advised him of the sentencing range for each offense, and appellant acknowledged he understood the sentencing parameters. Although rehabilitation is one of the objectives of the penal code, the other two are deterrence and punishment. PENAL § 1.02(1). Appellant had a history of drug use, theft, burglary, unlawful possession or theft of firearms, and evading arrest. Appellant had been placed on probation in prior cases only to violate the terms of his probation each time. While appellant urged he needed drug treatment, he told evaluators that he had stopped taking drugs in the months leading up to his crime spree and he admitted he committed the burglaries to pay back his employer from whom he had stolen money and drugs. In addition, appellant admitted to being a high-risk taker who gets a rush out of stealing. Under the facts and circumstances of these cases, we conclude the trial court did not abuse its discretion by imposing a term of incarceration in each case. Moreover, we can not conclude appellant's sentences violate the objectives of the penal code. We overrule appellant's fifth issue.

## CONCLUSION

We reform the judgment in cause number F20-36363-M to reflect there were no enhancement paragraphs and we vacate the sentence imposed in that case and

–10–

remand the case to the trial court for a new punishment hearing.  We affirm the trial court's judgments in cause numbers F20-11856-M, F20-11897-M, F20-11898-M, F20-36296-M, F20-36297-M, F20-36384-M, F20-36385-M, F20-36392-M, and F20-36999-M.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

200892F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JONATHON DALE MCDONALD,
Appellant

No. 05-20-00892-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-36385-M.
Opinion delivered by Justice
Schenck. Justices Smith and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 15th day of December, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

JONATHON DALE MCDONALD,
Appellant

No. 05-20-00893-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-36384-M.
Opinion delivered by Justice
Schenck. Justices Smith and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of December, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JONATHON DALE MCDONALD,
Appellant

No. 05-20-00894-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-11897-M.
Opinion delivered by Justice
Schenck. Justices Smith and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 15th day of December, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JONATHON DALE MCDONALD, Appellant

No. 05-20-00895-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-11898-M. Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of December, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

JONATHON DALE MCDONALD,
Appellant

No. 05-20-00896-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-11856-M.
Opinion delivered by Justice
Schenck. Justices Smith and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of December, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JONATHON DALE MCDONALD,
Appellant

No. 05-20-00897-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-36296-M.
Opinion delivered by Justice
Schenck. Justices Smith and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 15th day of December, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JONATHON DALE MCDONALD,
Appellant

No. 05-20-00898-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-36299-M.
Opinion delivered by Justice
Schenck. Justices Smith and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of December, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

JONATHON DALE MCDONALD,
Appellant

No. 05-20-00899-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-36297-M.
Opinion delivered by Justice
Schenck. Justices Smith and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 15th day of December, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

JONATHON DALE MCDONALD, Appellant

No. 05-20-00918-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-36392-M. Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of December, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JONATHON DALE MCDONALD, Appellant

No. 05-20-00919-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-36363-M. Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, we modify the judgment of the trial court to reflect that appellant's pleas to and the trial court's findings on any enhancement allegations are "not applicable" and we **REMAND** the case to the trial court for a new punishment hearing.

Judgment entered this 15th day of December, 2021.